EMPIRE SQUARE REALTY COMPANY, Plaintiff, *v.* CHASE NATIONAL BANK OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, May 27, 1943.

*George L. Trumbull* and *Randolph H. Guthrie* for Chase National Bank of the City of New York, defendant.

*Kenneth W. Greenawalt* for John L. Miller, Jr., defendant.

*Frederick Hemley* and *Leonard Hemley* for plaintiff.

EDER, J. The plaintiff seeks an accounting from the defendants. It is alleged, in brief, that the defendant Miller, as president of the corporate plaintiff, improperly diverted and wrongfully converted its funds to his own use to pay his personal indebtedness to the defendant Chase Bank, and to pay his personal obligations to others as well, and that of all this Chase Bank had notice and knowlege or was possessed of facts and aware of circumstances and conditions sufficient to put it on notice, warranting inquiry and indulgence in caution, which it failed to heed or chose to ignore and disregard. It is the plaintiff's view that this gave rise to a cause of action in equity against both defendants, for an accounting and concomitant relief; that plaintiff had no adequate remedy at law.

One of the defenses interposed is that this action is barred

by the then applicable six years' Statute of Limitations, since the cause of action, if any, accrued prior to September 1, 1936 (since shortened to three years: see *Pollack* v. *Warner Bros. Pictures,* 266 App. Div. 118; *Mintzer* v. *Windsor Lamp Mfg. Co.,* 175 Misc. 551). I regard this defense as an irremovable barrier necessitating the dismissal of the complaint.

The acts charged to the defendants constitute an injury to property (*Mintzer* case, *supra*) for which a cause of action at law could be maintained for fraud, for conversion or for money had and received (*Quintal* v. *Kellner,* 264 N. Y. 32, 33; *Beeber* v. *Empire Power Corp.,* 31 N. Y. S. 2d 914, and cases there cited); the amount being known, there was no need for an accounting in equity; an action at law to recover the sum improperly obtained is an adequate remedy (*Potter* v. *Walker,* 276 N. Y. 15; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.,* 270 N. Y. 86); and this is likewise so when it is claimed the defendant acted as a trustee *ex maleficio.* (*Hifler* v. *Calmac Oil & Gas Corp.,* 10 N. Y. S. 2d 531, 544, affd. 258 App. Div. 78.)

Assuming the right of plaintiff to proceed in equity it nevertheless had a concurrent and adequate remedy at law which it could have invoked had it chosen to do so (cases, *supra*); in such a situation as respects the entailing of the Statute of Limitations, that which is applicable to the legal remedy controls. As said in *Keys* v. *Leopold* (241 N. Y. 189, 193): "When a legal and an equitable remedy exist as to the same subject matter, the latter is under the control of the same statutory bar as the former." And in the *Hanover* case (*supra* pp. 89, 90), it was said that "the party whose cause of action would be barred under the six-year statute, if he should elect to proceed at law, may not enlarge this time by electing to proceed in equity. Such is the rule where the remedies are concurrent."

The plaintiff's trial counsel, with commendable candor, acknowledged that if the six years' Statute of Limitations controls, the plaintiff is barred from any recovery, "no matter what wrong was done." But he argues with seeming earnestness that the instant suit is authorized by the ruling in *Bischoff* v. *Yorkville Bank* (218 N. Y. 106), and therein he claims the plaintiff was permitted to recover in a similar situation; that a like defense was there interposed that the plaintiff was precluded from recovering by the six years' Statute of Limitations; that there also the plaintiff's contention that the ten years' Statute applied was upheld, and he therefore insists the *Bischoff* case is precedent and authority for plaintiff's right to maintain this action; in fact, plaintiff's counsel declared he was placing such reliance

on the *Bischoff* case that he would urge throughout the trial that '' it is decisive of this entire case on every point, including the Statute of Limitations.''

It seems an inescapable conclusion that the six years' Statute of Limitations is applicable unless the *Bischoff* case authorizes the bringing of such a suit and further holds that the ten years' limitation period governs in the running of the Statute, as is claimed by plaintiff. In taking this position plaintiff's counsel urges that the Court of Appeals has at no time receded from its determination in the *Bischoff* case and has not in any manner indicated a change of position and that the ten years' Statute controls.

The opinion in the *Bischoff* case in no manner passed upon the point whether the six years' Statute of Limitations or the ten years' Statute is applicable; indeed, there is not the slightest intimation that the question was presented, considered or decided, and it is difficult to understand how it can be said to be binding as a precedent, for I understand a precedent to mean that a principle of law, actually presented to a court of authority for consideration and determination, has, after due consideration, been declared to serve and be followed as a rule for future guidance in the same or analogous cases; but matters which merely lurk in the record, not directly advanced and not expressly decided, cannot be regarded as precedents. (*Kvos, Inc.* v. *Associated Press,* 299 U. S. 269, 279; *Rodwell* v. *Rowland,* 137 N. C. 617.)

Plaintiff's counsel states that while it is true that the opinion in the *Bischoff* case makes no mention in any way that the Statute of Limitations, as a defense, was a point presented for consideration, it was nonetheless involved and presented to the Court of Appeals and was considered and passed upon and must be so viewed from the fact that it was raised and discussed in the briefs of counsel; that the defendant there urged that the cause of action was barred by the six years' Statute of Limitations while the plaintiff replied that the ten years' Statute of Limitations was applicable, and from the fact that the judgment was affirmed it must be assumed that the contention that the ten years' limitation period applied was upheld, which would not have been the case if the court was of the opinion that the six years' Statute of Limitations controlled; and in support of this construction he refers to the following statement in the opinion (p. 114) : '' We have examined the other points of the appellant's brief and find nothing which requires discussion.''

It is safe to assume that in general no one associated with the legal profession, and particularly a digester of opinions, or citator of cases, or law writer, would ever cite or collate as a precedent any such expression in an opinion, no more so than a court of last resort would assume to found a precedent upon a casual or loose expression in an opinion of the court; certainly much more is required as the basis for a precedent. (*Rodwell* v. *Rowland*, 137 N. C. 617, 638, *supra;* 49 C. J., Precedent, p. 1318; Moschzisker on Stare Decisis, p. 1).

However, due to the persistence of plaintiff's counsel in urging and placing such emphatic reliance on the *Bischoff* case, I have examined the record on appeal and briefs and I am not in accord with the view of plaintiff's counsel that the specific question was presented for consideration and decision, i. e., that the cause of action was barred by the six years' Statute of Limitations, and that it was considered and ruled upon by the Court of Appeals by the statement in the opinion above referred to.

The record discloses that while the six years' Statute of Limitations was pleaded in the answer, as a separate defense, it was not urged as a ground of dismissal at the trial; no motion to dismiss on that ground was made; the motion to dismiss was predicated on the ground that the plaintiff had failed to establish a cause of action.

The appellant argued in its brief that an action at law could have been brought for conversion or for money had and received, in which event the defendant would have been entitled to a constitutional right of trial by jury on all the issues of which it was being deprived if the plaintiff was permitted to sue in equity, and that the trial court was therefore requested to transfer the case to the law side of the court and defendant thus be afforded a trial by jury on all the issues involved; to buttress this contention and to show the prejudice resulting to the defendant by the trial court's refusal to grant such request, the appellant, in its brief, by way of illustration and argument, called attention to the fact that by permitting suit in equity to be brought the defendant not only was deprived of a jury trial but that the plaintiff also obtained an unfair advantage, thereby benefiting by the longer limitation period, whereas had she sued at law the shorter period would have prevented a recovery; hence, in the circumstances, the trial court should have transferred the cause to the law docket so that the defendant could have the issues tried by a jury and thereby be given its constitutional right of trial by jury.

The following excerpt from the case on appeal is significant: "The Court: The only question before me is the question whether you are entitled to a jury trial, and that question I do not know whether it is properly before me."

No point was made by the defendant that the action was barred by the six years' Statute of Limitations, and that this defense, set up in the answer, though not urged at the trial, should have been sustained; nothing of the kind. The *actual* point made and presented for consideration and decision was that " *The defendant was clearly entitled to a trial by jury.*" (Brief of Yorkville Bank.) The defendant was presenting for the court's consideration and determination the correctness of the trial court's action in refusing to transfer the trial of the cause to the law side for trial by jury. The defendant stressed this feature of being deprived of trial by jury and the dissenting opinion of Mr. Justice Scott, in the Appellate Division (*Bischoff* v. *Yorkville Bank,* 170 App. Div. 679, 682, mod. 218 N. Y. 106, *supra*), emphasizes and expresses the view that the defendant was entitled to a jury trial and that it was error for the trial court to deny its repeated motions that the cause be transferred to the law side to be tried before a jury.

The respondent, by way of general discussion, maintained that as to a suit in equity the limitation period was ten years, which the brief presented at some length, but, as I have said, the appellant made no point that the action was barred by the six years' Statute of Limitations, and that such defense had been pleaded and should be sustained. No such claim was made at the trial and no such claim was made by the appellant in the Court of Appeals; therefore, that point could not have been considered by that tribunal from that angle, and the *Bischoff* case cannot serve as a precedent and is not a precedent on that particular question.

Moreover, assuming *arguendo,* that such a ruling as plaintiff contends for had been made in the *Bischoff* case (and at best inferentially), the rulings in the later cases (*ut supra*), are, in my opinion, a clear indication that the current view is that the six years' limitation period applies.

Having reached this conclusion it is unnecessary to pass upon the other defenses urged at the trial. In consequence, the plaintiff's cause of action is barred by the six years' Statute of Limitations and the defense must be sustained. Accordingly, the motion to dismiss is granted, and the complaint is dismissed, with costs. Exception to plaintiff. Thirty days' stay; sixty days to make a case.