**Lola Marie BEATTY, Petitioner,**

v.

**Jewett SCOTT and L. M. Pitcock, and Maryland Casualty Company, and State Industrial Court, Respondents.**

**No. 39380.**

Supreme Court of Oklahoma.

June 6, 1961.

The claim under review, instituted on July 7, 1954, was set for hearing on three occasions: November 3, 1954, May 26, 1955, and December 8, 1959. According to the docket entries, the first two times the case was "stricken by agreement". The evidence discloses that in both instances a continuance was obtained at the request of the claimant by agreement with counsel for respondent Scott. There was no objection from the attorney for respondent Pitcock.. When the case was called for hearing on December 8, 1959, both respondents sought its dismissal for failure to prosecute within the statutory period of five years. The trial judge proceeded to hear the evidence and, after taking the matter under advisement, entered an order dismissing the claim. The order, so made, rests on a finding that on each of the three occasions, as noted, the hearing was set by the trial tribunal on its own initiative; and none had ever been requested by claimant, who, for a period of five years and five months after the filing of the instant proceeding, had made no "recorded effort" to either establish her claim or bring it to a final determination. In view of the facts, as outlined, the trial tribunal's statement of "no recorded effort" must be construed as tantamount to a finding that there was no "good faith" effort by the claimant to obtain a hearing and final determination of the cause.

John G. Hervey, J. B. Beaird, Oklahoma City, for petitioner.

Clayton B. Pierce, Oklahoma City, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for respondents, Jewett Scott and Maryland Casualty Co.

BLACKBIRD, Vice Chief Justice.

Challenged, as contrary to law, is the order dismissing claimant's proceeding for compensation based on the trial tribunal's finding that her right to a death benefit award was barred by the provisions of Section 2, H.B. 612, S.L.1953, p. 430 (85 O.S. Supp.1953, § 43), for want of prosecution within five years from the filing date of the claim.

85 O.S.Supp.1953, § 43, which governs the matter at issue, provides in pertinent part, as follows:

"When a claim for compensation shall have been filed with the Commission as herein provided, *unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof*, same shall be barred as the basis of any claim for compensation under this Act and shall be dismissed by the Commission for want of prosecution, which action shall operate as a final adjudica-

tion of the right to claim compensation thereunder." (Emphasis ours.)

For vacation, claimant points out that her delay was excusable by the plain terms of the statute because twice within the five-year period next succeeding the filing date of the claim she caused it to be set on the docket. Under these facts, claimant urges, the order is clearly erroneous because the enactment in question does not purport to operate as an absolute bar of the trial tribunal's power to adjudicate a claim after the lapse of five years from the date of its filing, but merely imposes a duty to "request" a hearing within that period of time.

 It is settled law that when a statutory bar of limitation is properly invoked, the burden devolves upon the party seeking to avoid its effect to show the facts or acts which operate to either arrest, suspend, toll or waive the limitation period. United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107; Swafford v. Schoeb Ranch Mills, Okl., 359 P.2d 584; Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1022. Assuming, without deciding, the correctness of claimant's broad contention that a mere "request" for a hearing, whether in writing or by parol, operates to arrest or suspend the limitation period in question, there is no satisfactory proof of any such request to the trial tribunal or any judge thereof; and the record amply supports the finding that on all three occasions the case was called for hearing by the State Industrial Court on its own accord. Neither can we find any merit in the other arguments advanced which seek to justify claimant's inaction by respondents' failure: (a) to oppose two continuances obtained within the five year period; (b) to show any prejudice suffered as a result of the lapse of time; (c) to secure a final determination of the claim which lay equally within their power.

The plain terms of the enactment involved herein cast upon the claimant the duty of diligence in prosecuting his claim to a final determination. While it is true that it is equally within the power of the respondent to move for an early disposition, he is under no legal duty to act, and is not expected to do more than meet his opponent step by step. Nor is the respondent required to show prejudice as a pre-requisite to obtaining a dismissal. The statute does not impose such a condition. Its bar is positive, and unless claimant brings himself within an express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar, the provisions of the statute are mandatory, and the State Industrial Court is without authority to excuse the delay.

The findings of the State Industrial Court are amply supported by the record and are not contrary to law.

Order sustained.

WELCH, DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.