JOHNSON, DRAKE & PIPER, INC., Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 35090.)

Third Department, July 29, 1965.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair* and *Ruth V. Iles* of counsel), for appellant-respondent.

*Nevius, Jarvis & Pilz (Carl E. Buckley* and *Stanley J. Norton* of counsel), for respondent-appellant.

*Per Curiam.* The parties appeal from the adverse portions of a judgment of the Court of Claims.

On December 17, 1953 claimant entered into a contract with the State of New York for the construction of 5.37 miles of a highway in Orange County known as the " Quickway ". The contract required the work to be completed on June 15, 1955. The grant by the State of five successive requests by claimant extended the completion date to July 10, 1956. The construction project was accepted by the State on August 15, 1956. On July 15, 1955 the State opened the easterly section of the highway for public use. On that date about 95% of the contract had been completed. The unfinished work consisted of " a small amount of drainage structures, such as catch basins, headwalls, gutters \* \* \* also clean-up work such as the trimming of the slopes and the shoulders, the landscaping items, topsoiling, seeding, and the guardrail had to be put on." The remainder of the new highway was opened to vehicular traffic on August 19, 1955.

Initially the Court of Claims on motion of claimant severed and tried separately the portion of the claim which sought a recovery for the amount concededly due on the final estimate and directed judgment therefor which the State paid. The question of claimant's right to interest to the date of payment was reserved for trial with the remaining causes of action set forth in the claim. We agree with the court below that claimant is entitled to interest upon the contract balance from the date of the acceptance of the work to the date of the payment of the judgment against the State. (*Byrne Constr. Co.* v. *New York State Thruway Auth.,* 19 A D 2d 192, mot. for lv. to app. den. 13 N Y 2d 598.)

The refusal of the State's engineer on the job to authorize a deviation from the specification of the contract which provided that " the excavation or borrow should be placed in successive

uniform layers across the area of the entire embankment'' in the vicinity of the Erie Railroad grade separation bridge under construction by another State contractor, in order to facilitate its completion for use by claimant, the delay in providing which is asserted as the basis of the claim for damages in the sum of $188,521.07, was not a breach of claimant's contract, as the trial court properly found. (See *Bianchi & Co.* v. *State of New York*, 17 A D 2d 38, mot. for rearg. den. 17 A D 2d 896.)

There was a '' special note '' in the proposal which read: '' The contractor agrees that he has included in his unit price bid for the various items of the contract the additional cost of doing the work under this contract because of the fact that he does not have a clear site for the work and because of interference of roadway use, other contractors and necessary utility work, and the necessity or desirability of opening certain sections of pavement to traffic before the entire work is completed.'' The remaining items of the claim are based upon the purported breach of its provisions by the State's action in opening to traffic the roadway at the contract site for its entire length before the final completion date of the contract as extended. Damages are asserted in the sum of $162,708.66 for increased costs allegedly incurred for flagmen to control the traffic, operational overhead, and as the result of a lowering of claimant's efficiency and that of its subcontractor in completing the unfinished work due to delays encountered by the public's use of the pavement of the highway. Citing our decision in *Bianchi* the court awarded damages for these items in the lump sum of $110,000.

We find no expression in the special note evincing an intent to restrict the application of its pavement reopening clause to the sections of the new highway traversed by the existing intersecting roads shown on the plan. In fact, other provisions of the contract, which proscribed the closing of such crossroads to traffic and required claimant to maintain and protect public travel thereon for its duration, clearly negate claimant's contention that such was its purport. The State committed no breach of the contract by the exercise of the right granted by the special provision.

*Bianchi* cannot serve as a precedent in this case. There, the question of the construction to be given an identically phrased special note was not presented, considered or decided. (Cases and Briefs, No. 4832; *Empire Sq. Realty Co.* v. *Chase Nat. Bank*, 181 Misc. 752, affd. 267 App. Div. 817, mot. for lv. to app. den. 292 N. Y. 724.)

Assuming, *arguendo*, that it could be said that the State breached its contract with claimant, the damages rest on specu-

lation and conjecture both in their nature and in respect to their cause and thus provided no basis for a recovery.

The judgment should be modified by reducing the award to $18,306.74, with appropriate interest, and, as so modified, affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment modified by reducing the award to $18,306.74, with appropriate interest, and, as so modified, affirmed, without costs.