In the Matter of the DEATH OF Thomas Wayne HENDRICKS.

Linda HENDRICKS, Mother and Next Friend of Bronc Wayne Hendricks, Petitioner,

v.

METHVIN OIL COMPANY, State Insurance Fund, George Yocham and the Workers' Compensation Court, Respondents.

No. 73491.

Supreme Court of Oklahoma.

June 11, 1991.

Kevin D. Buchanan, Garrison, Brown, Carlson & Buchanan, Bartlesville, for petitioner.

Gary Bova, State Ins. Fund, Oklahoma City, for respondents Methvin Oil Co. and State Ins. Fund.

J. Mike Lawter, Lawter & Pitts, Inc., Oklahoma City, for respondent George Yocham.

HARGRAVE, Justice.

This cause appears here on a writ of certiorari to review the Court of Appeals determination that a death benefit claim was not barred by the statute of limitations and that an employer-employee relationship was established between George Yocham and decedent by the evidence in this cause.

The decedent, Thomas W. Hendricks, was electrocuted while operating a ditching device on August 13, 1981. The deceased's widow, Sheila Hendricks, filed a Form 3A listing the decedent's son, Bronc W. Hendricks, as a dependent and Methvin Oil Company as respondent. The cause was set for hearing February 25, 1982, was stricken by order and reset for hearing April 29, 1982, only to be stricken again for resetting by agreement.

Next, the decedent's first (and former) wife filed a Form 3A on behalf of her son, Bronc, on August 13, 1982. This Form 3A listed either Methvin Oil Company and/or George Yocham as the employer. This form was filed in the same case as the wife's claim. Linda Hendricks filed a Form 9 asking for a hearing on the matter on February 11, 1988.

This cause was heard after several continuances, and the trial court found that there was no employer-employee relationship between the decedent and Yocham. The court also determined the decedent was an independent contractor doing work for Methvin Oil Company at the time of his death. Finally, the trial court found that the claim of Linda Hendricks on behalf of her son, Bronc, was time-barred under 85 O.S.Supp.1990 § 43(B). On appeal, the three-judge panel affirmed the trial court.

The Court of Appeals held the minor's claim for death benefits was not time-barred. In addition it held, as a matter of law, the evidence, said to be uncontroverted, established an employer-employee rela-

tionship between George Yocham and his son-in-law, Thomas Wayne Hendricks, the decedent.

The claim for compensation in this case is barred by the statute of limitations, as held by the trial court and the three-judge panel. The limitation period pertinent to this claim is found in § 43(B) of title 85 O.S.Supp.1990 and it remains unchanged since the date of the demise of the worker. Subsection B reads in part:

> When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder....

Linda Hendricks filed this claim on August 13, 1982 naming Methvin Oil Company and/or George Yocham as decedent's employer. The next filing was on February 11, 1988, when a Form 9 was filed requesting a hearing and final determination. During this five and one-half year period no action on this case whatsoever is evident in the record before the Court. Title 85 O.S.Supp.1990 § 43(B) states in pertinent part: "... unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing ... [the claim] *shall* be barred ..." (emphasis added).

■ The application of 85 O.S. § 43 to bar a claim for compensation is a determination of law. This issue is reviewable by this Court. *Smedley v. State Industrial Court,* 562 P.2d 847 (Okl.1977). Where the question is has the limitation statute been waived or tolled and that determination is dependent on a fact question, those facts are reviewable as set out in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984).

■ The time period being examined here in light of 85 O.S.Supp.1990 § 43(B) is the time from the filing of the claim being adjudicated forward for five years. During this period, there is no evidence of any attempt to bring the claim to a final determination. This being the case, the application of § 43(B) to bar the claim is a question of law. There is no evidence of any fact during the relevant time period which would raise a fact question to be adjuciated by the trier of fact.

Claimant seeks to demonstrate a timely claim by pointing to the filing of two Form 3A's by Sheila Hendricks prior to Linda's. A Form 9 requesting a hearing was filed on these Form 3A's. After this, Sheila Hendrick's counsel notified the State Insurance Fund by letter that her claim was being dismissed, although the record in this case does not contain that correspondence. For purposes of this opinion we leave aside the problem presented by the two different claimants. The resolution of this contention is pointed to in the early case of *Parsons v. State Industrial Court,* 372 P.2d 27 (Okl.1962). There this Court stated claimant's formal written request was made June 30, 1954, which was within five years after the effective date of the limitation provision. There the Court noted that the question of whether the five-year period had run *after* the request of June 30, 1954 was raised. The Court held that the claimant had requested a hearing three times by June 18, 1959 and thus the claim was not barred five years after the June 30, 1954 request. If the court had been of the opinion that one request for a hearing within five years of filing the compensation claim *forever* tolled the bar of § 43 this inquiry would have been a useless act.

This analysis is born out by the discussion in *White v. Weyerhaeuser Co.,* 798 P.2d 623, 626 (Okl.1990). There this Court said:

> We have ruled the bar of § 43 requiring dismissal of a claim for compensation

**1364**

when a claimant *fails* to *request* a *hearing* and final determination *within five years* is positive "and unless a claimant brings himself within the express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar, the provisions of the statute are mandatory...." *Beatty v. Scott*, 362 P.2d 699, 701 (Okl.1961). We have further ruled the claim does not have to be determined in the five year period, only that a *request* be made *within* the *specified period* of time. *Purdy v. Flint Steel Corp.*, 535 P.2d 277, 280 (Okl.1975). (emphasis added)

In *White, supra* at 627, this Court noted that the Court of Appeals has recognized the five-year provision was promulgated in part to limit the period of potential liability of an employer once the jurisdiction of the Workers' Compensation Court is invoked. Were we to hold that a claim could be withdrawn from the five-year limitation period *forever* by the filing of a request for final determination, the legislative purpose behind the statute would be completely thwarted. We thus hold that the bar of the statute is demonstrated when any five-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination. The claimant's case is barred by the precise language of the statute. The Court of Appeals erred in vacating and remanding this case. The trial judge and the three-judge panel correctly held the claim to be barred by the statute of limitations.

CERTIORARI PREVIOUSLY GRANTED; DECISION OF THE COURT OF APPEALS VACATED; ORDER OF THE THREE–JUDGE REVIEW PANEL OF THE WORKERS' COMPENSATION COURT IS SUSTAINED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., dissents.