1998 OK CIV APP 30

**Jerry D. DEAN, James H. Pilkington, et al., Petitioners,**

v.

**SPECIAL INDEMNITY FUND and The Workers' Compensation Court, Respondents.**

**No. 88936.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 24, 1998.

---

Thomas A. Layon, LAYON, CRONIN & CLARK and John B. Nicks, Tulsa, for Petitioners.

John M. Rowntree, Jr., Oklahoma City, for Respondents.

## MEMORANDUM OPINION

ADAMS, Judge.

¶1 Petitioners filed a class action suit in the Workers' Compensation Court for interest on prior awards against the Special Indemnity Fund (Fund) which had not been timely paid. The trial court granted certification of a class of all persons awarded benefits against Fund since January 1, 1994, whose claims were not timely paid. Petitioners then moved for Partial Summary Judgment on Fund's general liability for interest, the rate, the statute of limitations, and requested the court to rule that any payments by Fund be taken first from the interest on the award prior to application to the principal. Fund countered that the trial court lacked jurisdiction over the determination of interest, that interest was constitutionally impermissible, that interest was not due or was due at a lower rate, and that any payments made by Fund must first go to principal.

¶2 After a hearing, the trial court concluded, in pertinent part:

### 8.

THAT the Special Indemnity Fund is subject to the interest provision of 85 O.S. § 42 both before and after the NOVEMBER 4, 1994, amendment to that section, *Special Indemnity Fund vs. Adams,* [1996 OK CIV APP 34, 918 P.2d 84].

### 9.

THAT the NOVEMBER 4, 1994, amendment to section 42 puts awards against the Special Indemnity Fund on the same footing as district court judgments as far as

interest is concerned, *Special Indemnity Fund vs. Adams, Ibid.*

\* \* \*

14.

THAT the claim for interest on awards against the Special Indemnity Fund is not barred by the statute of limitations found in Title 12 O.S. Section 95(4), *Special Indemnity Fund vs. Adams,* Ibid. As far as the collection of interest due on awards against the Special Indemnity Fund, no statute of limitations applies. However, for all claims certified and filed in the district court pursuant to 85 O.S. Section 42, prior to the amendment of said section on NOVEMBER 4, 1994, the dormancy provisions found in Title 12 O.S. Section 735, may be applicable.

\* \* \*

19.

THAT as the legislative intent of the interest provision under the Oklahoma Workers' Compensation Act is to encourage prompt payment of awards (principal), this Court will not follow the traditional "United States Rule" as it applies to the application of payments on judgments. All payments by the Special Indemnity Fund on awards will be deemed to have been paid first to principal and then to interest. After the principal amount of the award has been paid in full, interest will no longer accrue. The application of payments to principal first will further the legislative intent under the Oklahoma Workers' Compensation Act.

¶ 3 Thus, the trial court concluded:

IT THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the Motion for Partial Summary Judgment of the Claimant Class be and the same is hereby SUSTAINED IN PART and DENIED IN PART in accordance with the Findings of Fact and Conclusions of Law hereinbefore set out.

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED by this Court that the Motion to Dismiss and Motion for Summary Judgment of the Respondent be and they are hereby DENIED.

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED by this Court that the parties hereto shall continue with discovery to determine the members of the class and which of these members belong to the following sub-classes:

1. Awards prior to NOVEMBER 4, 1994, which have not been timely paid and which have not been certified and filed in district court.
2. Awards prior to NOVEMBER 4, 1994, which have not been timely paid and which have been certified and filed in district court.
3. Awards entered on or after NOVEMBER 4, 1994, which have not been timely paid.

This information shall be submitted to the Court on or before the date of the hearing hereinafter set out.

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED by this Court that the parties hereto shall determine if and when the principal amount of each member of the class' award has been paid and advise the Court of same on or before the date of the hearing hereinafter set out.

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED by this Court that a status conference shall be held by this Court on the 25TH day of MARCH, 1997, at 9:00 o'clock A.M. at which time the parties shall submit to the Court the information hereinbefore directed to be presented to the Court.

■ ¶ 4 Petitioners then filed this review proceeding asking that this order be set aside insofar as it allows payments to be credited first to the principal amount of any unpaid award. We have previously ordered the parties to address the question of this Court's jurisdiction to review this order. Both sides have responded.

■ ¶ 5 Relief available in this Court from errors of law in workers' compensation cases is statutorily confined to reviewable decisions. *Continental Oil Company v. Allen,* 1982 OK 18, 640 P.2d 1358. A reviewable decision is one which "makes or denies an award" or otherwise constitutes "a final determination of the rights of the parties upon

a final hearing." *McCallum & Forber v. Owens,* 184 Okl. 66, 85 P.2d 411 (1938).[1]

¶ 6 The trial court's order directs a status conference, continuation of the determination of the members of the class, and determination of the principal amounts for each member of the class. The record does not reflect any further activity in this case. As such, neither the parties to the suit nor the status and amount of their awards and interest have been established. Thus, the order appealed is clearly not a final determination of the rights of the parties upon a final hearing.

¶ 7 Neither is this the grant or denial of an award. The statutory provision cited by the trial court as the basis upon which interest may be paid Petitioners, 85 O.S.Supp.1996 § 42, provides interest to be paid from the date of the award. Under § 42, an award draws interest from the date ordered paid until the date of satisfaction, and it is not necessary that the award be filed in the office of the court clerk of any county in order for the award to draw interest. *Special Indemnity Fund v. Horne,* 1954 OK 293, 276 P.2d 240. Interest is a statutory obligation attaching to the workers' compensation award, and no further action is necessary for it to be effective. As such, there is no reduction of the amount to an enforceable award except as provided by 85 O.S.Supp. 1996 § 42 in the context of a certification proceeding.

¶ 8 The trial court determined that "the Special Indemnity Fund is subject to the interest provision of 85 O.S. § 42 both before and after the NOVEMBER 4, 1994, amendment to that section," and made other findings regarding the application of that section. However, the express findings of the order make clear that neither were all the parties to the action determined at the time of the order, nor was the amount, as the trial court requested determination "if and when the principal amount of each member of the class' award has been paid." Lacking the

necessary parties and the applicable facts to determine the availability and amount of the award under § 42, we can only conclude that the trial court's pronouncement represented a general statement of the effect of § 42 on the Special Indemnity Fund, rather than an impossible application to parties and facts not yet before the trial court.

¶ 9 Therefore we can only conclude, as stated in *Continental Oil Company v. Allen,* 1982 OK 18, ¶¶ 2, 4, 640 P.2d at 1360, the "decision lacks the attributes of an enforceable award," and does not represent a reviewable decision which "makes or denies an award" or otherwise constitutes "a final determination of the rights of the parties upon a final hearing." Petitioners' request for review is dismissed.[2]

DISMISSED

HANSEN, J., and BUETTNER, P.J., concur.

---

1. Nothing we say here should be construed as having any application to decisions in class action cases filed in the district courts.

2. We express no opinion on the jurisdiction of the Workers' Compensation Court to entertain a post-award action which is neither in the nature

of a change in circumstances nor a certification proceeding for the underlying awards and interest but is similar to a declaratory judgment action. Similarly, we express no opinion concerning the jurisdiction or authority of the Workers' Compensation Court to entertain a class action.