2003 OK CIV APP 34

**Jerry D. DEAN and James H. Pilkington, individually and as Representatives of a Class of Claimants, Petitioners,**

v.

**MULTIPLE INJURY TRUST FUND f/k/a Special Indemnity Fund of the State of Oklahoma, Administered by the State Insurance Fund, Respondent.**

No. 97,260.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 24, 2002.

Thomas A. Layon, John B. Nicks, Tulsa, OK, for Petitioners.

Gary LeVine, Stephen G. Solomon, Oklahoma City, OK, for Respondent.

Opinion by KEITH RAPP, Judge:

¶ 1 The trial court petitioners, Jerry D. Dean and James H. Pilkington (Petitioners), appeal the decision of the Three–Judge Panel of the Workers' Compensation Court in favor of The Multiple Injury Trust Fund (MITF) deciding that a judgment against the MITF cannot be certified to District Court because of the ban imposed by 85 O.S. Supp.2002, § 42(A).[1]

## BACKGROUND

¶ 2 Petitioners have unpaid awards against MITF and desire to certify the award to the District Court. The workers' compensation trial judge declined to certify based upon the exception in favor of MITF given in Section 42(A). The Three–Judge Panel affirmed. Petitioners appeal urging that the statute may be construed in their favor, or alternatively, that if the statute does exempt MITF

---

1. As a result of earlier proceedings Petitioners constitute a class of injured persons who have an unpaid award against MITF. MITF was known formerly as the Special Indemnity Fund. Section 42(A) provides:

   A. If payment of compensation or an installment payment of compensation due under the terms of an award, *except in the case of an appeal of an award or an award from the Multiple Injury Trust Fund,* is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by order of the Court, **except in the case of an appeal of an award or an award of compensation from the Multiple Injury Trust Fund,** shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid

by the Court until the date of satisfaction. On or after November 1, 2001, compensation ordered to be paid from the Multiple Injury Trust Fund shall bear simple interest only at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes from the date of the award. Any award from the Multiple Injury Trust Fund prior to November 4, 1994, shall bear interest at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes. Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation. (Emphasis added.)

from its scope, then the statute suffers constitutional infirmities.

## STANDARD OF REVIEW

¶ 3 Where the facts are not disputed an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent and non-deferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1. If an appeal asserts a violation of constitutional rights, the appellate court will exercise its own independent judgment, if it becomes necessary to determine the constitutional question. *Ranola Oil Co. v. Corporation Commission of Oklahoma,* 1988 OK 28, ¶ 7, 752 P.2d 1116, 1118. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 4 The question here is whether the wording of Section 42(A) excluding the MITF

precludes certification of judgments against the MITF to District Court. In an analysis of Section 42(A) and the decisional precedents to its enactment, the Court of Civil Appeals specifically held that judgments *for accrued unpaid portions of a permanent total disability award* may be certified to District Court. *Special Indem. Fund v. Maples,* 1998 OK CIV APP 157, ¶ 12, 968 P.2d 839, 844.[2] Here, Petitioners are also seeking to certify accrued unpaid portions of PTD awards and this Court holds that the rationale and ruling in *Maples* disposes of this appeal.[3]

¶ 5 *Maples* was overruled *in part* regarding a second issue in the case by *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, 33 P.3d 302 n. 10. In that footnote the Court stated, in part:

> Approximately two (2) years before our pronouncement in *Stidham v. Special Indemnity Fund,* 2000 OK 33, 10 P.3d 880, the Court of Civil Appeals (COCA) issued an opinion in *Special Indemnity Fund v. Maples,* 1998 OK CIV APP 157, 968 P.2d 839. The *Maples* decision appears to contradict the jurisdictional ruling of *Stidham,* reiterated today. To the extent *Special Indemnity Fund v. Maples* (as to the jurisdictional issue) is contrary to the holdings of *Stidham* and our pronouncement here, that opinion is overruled.

¶ 6 Because this Court has here disposed of this appeal on the authority of *Maples,* it is necessary to review *Maples* in light of *Samman. Maples* involved two issues. In addition to the certification question, the appeal concerned the timing of payments by the MITF. Thus, MITF maintained that, by statute, it did not have to begin payment until exhaustion of all weekly benefits for permanent partial disability. Maples had received a joint petition settlement in August 1996, and thereafter commenced an action against MITF. In January 1997, an order was entered awarding benefits against MITF *beginning on the date of the order.*

¶ 7 In June 1997, Maples had not been paid and sought to certify the judgment to District Court. The trial court ruled that MITF had waived its right to postpone payment because it had not appealed the January 1997 order. The Court of Civil Appeals in *Maples* also sustained that ruling and rejected the argument that the January 1997 order was *jurisdictionally void on the basis that it commenced payment before a statutory due date.*

¶ 8 The *Samman* Court did not address certification and certification was not an issue before the Court. In *Samman,* the Court ruled that MITF's payments did not commence until the statutory lapse of time and any provision to the contrary was void. *Samman,* at ¶ 11, at 306–07. Thus, the Court's footnote specifically limits *Samman's* correction of *Maples* to the single issue of timing of MITF payments.

¶ 9 Here, the Three–Judge Panel declined to follow *Maples* on the grounds that Section 42(A) clearly prohibited certification and *Maples* was not binding, but only persuasive pursuant to Okla. Sup.Ct. R. 1.200(c)(2). However, *Maples* is an authoritative, if not precedential, treatment of the issue under review, which this Court adopts.[4]

---

2. Certiorari was denied by a unanimous Court.

3. This Court expressly does not rule on Petitioners' constitutional arguments.

4. In the appellate context precedent constitutes a decision or determination on a point actually presented for review, and which, after consideration is declared to be a rule to guide subsequent determinations when the facts and circumstances are the same or substantially the same. *Empire Square Realty Co. v. Chase Nat. Bk. of City of New York,* 43 N.Y.S.2d 470, 181 Misc. 752 (1943). Thus, decisional pronouncements of precedential value serve to provide certainty and consistency to the law as it evolves. A decision that carries weight but lacks precedent is said to be persuasive. *Black's Law Dictionary* (7th Ed.1999). Nevertheless, the value of consistency must not be overlooked when confronted with a persuasive decision. Departure from that decision should be based upon reasoned grounds demonstrating that the nonbinding decision should not be followed. Here, this Court sees a decision left undisturbed by the Supreme Court, and finds no precedent or persuasive authority on which to rely in order to reach a contrary result. Merely to say that the language of Section 42(A) lacks ambiguity does not, in this Court's view, address the reasoning and analysis of *Maples* which go into the background of the statute.

¶ 10 Therefore, this Court holds that judgments against MITF for accrued unpaid portions of a permanent total disability award may be certified to District Court.[5] Unpaid in this context means unpaid sums that have accrued from and after the statutory beginning date governing such payments by MITF. Thus, for injuries occurring prior to June 1, 2000, the statute provides:

> After all permanent partial disability payments by the employer or the insurance carrier of the employer have ceased, the remainder of the compensation shall be paid out of the Multiple Injury Trust Fund provided for in Section 173 of this title, in periodic installments.

85 O.S.2001, § 172(B)(1).

¶ 11 For injuries occurring on or after June 1, 2000, the statute provides:

> Such awards shall be paid from the date the court order finding the claimant to be permanently and totally disabled is filed.

85 O.S.2001, § 172(B)(2).

¶ 12 The Three–Judge Panel erred by refusing to certify the Petitioner's judgment to District Court.

¶ 13 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

COLBERT, P.J., and GOODMAN, J., concur.

---

**5.** This Court expresses no opinion concerning what actions and procedures may, or may not, be available to Petitioners upon certification of the judgment to District Court.