2015 OK 12

**MULTIPLE INJURY TRUST FUND OF the STATE of Oklahoma, fka The Special Indemnity Fund of Oklahoma, Petitioner,**

v.

**Anthony CELLINO, Individually and as Representative of a Class of Claimants and the Workers' Compensation Court, Respondents.**

No. 111,760.

Supreme Court of Oklahoma.

March 10, 2015.

Philip W. Redwine, Douglas B. Cubberley, Law Offices of Redwine & Cubberly, Norman, Oklahoma, for petitioner.

Thomas A. Layon, The Layon Law Firm, P.C., Tulsa, Oklahoma, John B. Nicks, Crutchmer & Barnes, Tulsa, Oklahoma, for respondents.

WINCHESTER, J.

¶ 1 We need to address only one issue in this Workers' Compensation matter and that

is whether the claimant's request for class certification is a "claim for compensation" and subject to the five-year statute of limitations found in 85 O.S.Supp.1995, 43(B).[1] We hold that the request is a claim for compensation and that the claimant failed to diligently prosecute this claim, which is now barred by the five-year limitation found in 43(B).

¶2 The claimant, Anthony Cellino, was injured on the job on April 4, 1995, with re-injury on December 17, 1995. His claims were consolidated for purposes of his claim against the Multiple Injury Trust Fund (the Fund). On March 13, 1997, he was awarded benefits against the Fund in the amount of $4,100.00. On May 30, 2000, he received a check from the Fund for $5,202.26.

¶3 Then in August of 2003, Cellino filed a request for additional unpaid principal and interest based on an award from an order entered in 1997. The final payment of that order was made by the Fund in May of 2000. Cellino additionally sought class action status and relief for similarly situated claimants who are seeking interest on previously awarded benefits against the Fund, and whose final orders were entered after May 9, 1996.

¶4 On July 29, 2009, Cellino filed a motion to compel discovery responses, which were answered by the Fund on August 10. The Fund filed its motion for summary judgment on August 14. One of the assertions was that the case should be dismissed for failure to prosecute pursuant to 85 O.S.Supp.1995, 43(B).[2] The trial court granted the Fund's motion, but the three-judge panel remanded for further proceedings.

¶5 After remand, the trial court issued its December 7, 2012, order certifying a class consisting of persons awarded benefits against the Fund after May 9, 1996, but which were not timely paid. A three-judge panel affirmed in part and modified in part the trial court order that certified the class action. The modifications were minor word changes that did not affect the substance of the court's order. This Court retained the case.

¶6 The Fund argues that Cellino's August 22, 2003, request for class certification is a "claim for compensation" and is subject to 85 O.S.Supp.1995, 43(B), if a final hearing is not requested within five years of the last payment of compensation. Cellino argues that 43(B) does not apply in cases such as this where a final determination of benefits has already been made and the request is for post-judgment interest on the final award. Regardless of how Cellino's August 22, 2003, request for class certification is characterized, that filing invoked the jurisdiction of the Workers' Compensation Court and sought an award from the Fund for "unpaid principal and post award interest due to him" and other similarly situated claimants. To adjudicate the claimant's request, the Workers' Compensation Court must make a final determination as to whether a class should be certified, and if so, the amount owed to each class member. The five-year time limitation found in 43(B) applies to this case.

¶7 Under 43(B), if after the filing of a claim, any five-year period passes in which there has not been a good faith effort to receive a hearing and final determination, the case must be dismissed. *In re Death of Hendricks,* 1991 OK 52, ¶12, 812 P.2d 1361, 1364. Section 43(B) applies to claims against

---

1. The parties do not dispute that 85 O.S.Supp. 1995, 43(B), was the statute of limitations in effect on the date (1995) Cellino's injuries occurred. It provided for a five-year time limitation. The amended statute applicable to this case is found in 1994 Okla.Sess.Laws, 2nd Extr. Sess., ch. 1, 33, emerg. eff. Nov. 4, 1994, and first appeared in the 1995 Supplement to the Oklahoma Statutes Official Edition. The current statute of limitations for filing under the current Administrative Workers' Compensation Act is codified at 85A O.S.Supp.2014, 69, 2013 Okla.Sess. Laws, ch. 208, 69, eff. Feb. 1, 2014.

2. The statute provides in pertinent part: "B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder."

the Fund. *Multiple Injury Trust Fund v. Wade,* 2008 OK 15, ¶ 29, 180 P.3d 1205, 1212. After Cellino's August 22, 2003, filing, nothing was filed in the case until July 29, 2009, when he filed a Motion to Compel Discovery Responses. Such a request was not a request for a hearing and final determination so as to toll the 43(B) time limitation. But even giving Claimant the greatest benefit of the doubt, still almost six years passed in the case without any good faith effort to move the case toward a final determination.

¶ 8 Claimant states that because of the ongoing *Dean* litigation,[3] proceedings in this case were essentially suspended until the final Report by Co–Administrators was filed in the *Dean* case on April 8, 2009. Claimant also argues that the Fund delayed in responding to his discovery request for almost six years, and then, only responded to such requests after he filed a motion to compel. However, neither argument points to anything in this Court's record that demonstrates Claimant made any good faith effort to move this case forward. The burden rests solely on the Claimant to diligently prosecute his claim to a final determination. *Beatty v. Scott,* 1961 OK 140, ¶ 6, 362 P.2d 699, 701. The order of the Workers' Compensation Court is vacated and remanded with instructions to dismiss.

ORDER OF THE WORKERS' COMPENSATION COURT VACATED AND REMANDED WITH DIRECTIONS.

CONCUR: COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, GURICH, JJ.

DISSENT: REIF, C.J., COLBERT, J.

TAYLOR, J., with whom COMBS, V.C.J. joins, Concurring.

"I would further hold that a class-action lawsuit is not available in the Workers' Compensation Court."

---

**3.** *Dean v. Special Indemnity Fund,* 1998 OK CIV APP 30, 956 P.2d 945; *Multiple Injury Trust Fund v. Dean,* 2001 OK CIV APP 30, 24 P.3d 861; *Dean v. Multiple Injury Trust Fund,* 2003 OK CIV APP 34, 67 P.3d 356, and *Dean v. Multiple Injury Trust Fund,* 2006 OK 78, 145 P.3d 1097.