OSCN Found Document:MULTIPLE INJURY TRUST FUND v. CELLINO

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MULTIPLE INJURY TRUST FUND v. CELLINO
2015 OK 12
Case Number: 111760
Decided: 03/10/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 12, __ P.3d __

 

MULTIPLE INJURY TRUST FUND OF THE STATE OF OKLAHOMA, FKA THE SPECIAL INDEMNITY FUND OF OKLAHOMA, Petitioner,
v.
ANTHONY CELLINO, INDIVIDUALLY AND AS REPRESENTATIVE OF A CLASS OF CLAIMANTS AND THE WORKERS' COMPENSATION COURT, Respondents.

Proceeding to Review a Decision by a Three-Judge
Panel of the Workers' Compensation Court

¶0 After being awarded benefits for injury and re-injury in 1997 and in 2000, the claimant/respondent, Anthony Cellino, filed a request in 2003 for payment of principal and post award interest. He also sought certification for a class action in the Workers' Compensation Court. The action would establish a class that claims unpaid interest on benefits awarded against The Multiple Injury Trust Fund after May 9, 1996. From 2003 until 2009, nothing was filed in the case. In August of 2009, the Multiple Injury Trust Fund filed a motion for summary judgment arguing for dismissal for failure to prosecute. After the trial court granted the motion, the three-judge panel reversed and remanded. The trial court subsequently certified the class and the three-judge panel affirmed in part and modified in part the certification of the class. This Court retained the case.

ORDER OF THE WORKERS' COMPENSATION COURT VACATED AND
REMANDED WITH DIRECTIONS TO DISMISS.

Philip W. Redwine, Douglas B. Cubberley, LAW OFFICES OF REDWINE & CUBBERLY, Norman, Oklahoma, for petitioner.
Thomas A. Layon, THE LAYON LAW FIRM, P.C., Tulsa, Oklahoma for respondents.
John B. Nicks, CRUTCHMER & BARNES, Tulsa, Oklahoma, for respondents.

WINCHESTER, J.

¶1 We need to address only one issue in this Workers' Compensation matter and that is whether the claimant's request for class certification is a "claim for compensation" and subject to the five-year statute of limitations found in 85 O.S.Supp.1995, § 43(B).[1] We hold that the request is a claim for compensation and that the claimant failed to diligently prosecute this claim, which is now barred by the five-year limitation found in § 43(B).

¶2 The claimant, Anthony Cellino, was injured on the job on April 4, 1995, with re-injury on December 17, 1995. His claims were consolidated for purposes of his claim against the Multiple Injury Trust Fund (the Fund). On March 13, 1997, he was awarded benefits against the Fund in the amount of $4,100.00. On May 30, 2000, he received a check from the Fund for $5,202.26.

¶3 Then in August of 2003, Cellino filed a request for additional unpaid principal and interest based on an award from an order entered in 1997. The final payment of that order was made by the Fund in May of 2000. Cellino additionally sought class action status and relief for similarly situated claimants who are seeking interest on previously awarded benefits against the Fund, and whose final orders were entered after May 9, 1996.

¶4 On July 29, 2009, Cellino filed a motion to compel discovery responses, which were answered by the Fund on August 10. The Fund filed its motion for summary judgment on August 14. One of the assertions was that the case should be dismissed for failure to prosecute pursuant to 85 O.S.Supp.1995, § 43(B).[2] The trial court granted the Fund's motion, but the three-judge panel remanded for further proceedings.

¶5 After remand, the trial court issued its December 7, 2012, order certifying a class consisting of persons awarded benefits against the Fund after May 9, 1996, but which were not timely paid. A three-judge panel affirmed in part and modified in part the trial court order that certified the class action. The modifications were minor word changes that did not affect the substance of the court's order. This Court retained the case.

¶6 The Fund argues that Cellino's August 22, 2003, request for class certification is a "claim for compensation" and is subject to 85 O.S.Supp.1995, § 43(B), if a final hearing is not requested within five years of the last payment of compensation. Cellino argues that § 43(B) does not apply in cases such as this where a final determination of benefits has already been made and the request is for post-judgment interest on the final award. Regardless of how Cellino's August 22, 2003, request for class certification is characterized, that filing invoked the jurisdiction of the Workers' Compensation Court and sought an award from the Fund for "unpaid principal and post award interest due to him" and other similarly situated claimants. To adjudicate the claimant's request, the Workers' Compensation Court must make a final determination as to whether a class should be certified, and if so, the amount owed to each class member. The five-year time limitation found in § 43(B) applies to this case.

¶7 Under § 43(B), if after the filing of a claim, any five-year period passes in which there has not been a good faith effort to receive a hearing and final determination, the case must be dismissed. In re Death of Hendricks, 1991 OK 52, ¶ 12, 812 P.2d 1361, 1364. Section 43(B) applies to claims against the Fund. Multiple Injury Trust Fund v. Wade, 2008 OK 15, § 29, 180 P.3d 1205, 1212. After Cellino's August 22, 2003, filing, nothing was filed in the case until July 29, 2009, when he filed a Motion to Compel Discovery Responses. Such a request was not a request for a hearing and final determination so as to toll the § 43(B) time limitation. But even giving Claimant the greatest benefit of the doubt, still almost six years passed in the case without any good faith effort to move the case toward a final determination.

¶8 Claimant states that because of the ongoing Dean litigation,[3] proceedings in this case were essentially suspended until the final Report by Co-Administrators was filed in the Dean case on April 8, 2009. Claimant also argues that the Fund delayed in responding to his discovery request for almost six years, and then, only responded to such requests after he filed a motion to compel. However, neither argument points to anything in this Court's record that demonstrates Claimant made any good faith effort to move this case forward. The burden rests solely on the Claimant to diligently prosecute his claim to a final determination. Beatty v. Scott, 1961 OK 140, ¶ 6, 362 P.2d 699, 701. The order of the Workers' Compensation Court is vacated and remanded with instructions to dismiss.

ORDER OF THE WORKERS' COMPENSATION COURT VACATED AND
REMANDED WITH DIRECTIONS.

CONCUR: COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, GURICH, JJ.

DISSENT: REIF, C.J., COLBERT, J.

TAYLOR, J., with whom COMBS, V.C.J. joins, CONCURRING,

"I would further hold that a class-action lawsuit is not available in the Workers' Compensation Court."

FOOTNOTES

[1] The parties do not dispute that 85 O.S.Supp.1995, § 43(B), was the statute of limitations in effect on the date (1995) Cellino's injuries occurred. It provided for a five-year time limitation. The amended statute applicable to this case is found in 1994 Okla.Sess.Laws, 2nd Extr. Sess., ch. 1, § 33, emerg. eff. Nov. 4, 1994, and first appeared in the 1995 Supplement to the Oklahoma Statutes Official Edition. The current statute of limitations for filing under the current Administrative Workers' Compensation Act is codified at 85A O.S.Supp.2014, § 69, 2013 Okla.Sess.Laws, ch. 208, § 69, eff. Feb. 1, 2014.

[2] The statute provides in pertinent part: "B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder."

[3] Dean v. Special Indemnity Fund, 1998 OK CIV APP 30, 956 P.2d 945; Multiple Injury Trust Fund v. Dean, 2001 OK CIV APP 30, 24 P.3d 861; Dean v. Multiple Injury Trust Fund, 2003 OK CIV APP 34, 67 P.3d 356, and Dean v. Multiple Injury Trust Fund, 2006 OK 78, 145 P.3d 1097.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 30, 24 P.3d 861, 72 OBJ 1099, MULTIPLE INJURY TRUST FUND v. DEAN
Discussed
 2003 OK CIV APP 34, 67 P.3d 356, DEAN v. MULTIPLE INJURY TRUST FUND
Discussed
 1998 OK CIV APP 30, 956 P.2d 945, 69 OBJ 1232, Dean v. Special Indemnity Fund
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 52, 812 P.2d 1361, 62 OBJ 1865, Death of Hendricks, Matter of
Discussed
 1961 OK 140, 362 P.2d 699, BEATTY v. SCOTT
Discussed
 2006 OK 78, 145 P.3d 1097, DEAN v. MULTIPLE INJURY TRUST FUND
Discussed
 2008 OK 15, 180 P.3d 1205, MULTIPLE INJURY TRUST FUND v. WADE
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 43, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 69, Statute of Limitations - Initial Claim - Claim for Additional Compensation - Failure to File - Exception
Cited