2004 OK 4

**Debbie DeShazo AMOS, Petitioner,**

v.

**SPIRO PUBLIC SCHOOLS and The Workers' Compensation Court, Respondents.**

No. 98,464.

Supreme Court of Oklahoma.

Feb. 3, 2004.

Michael E. Grant, Oklahoma City, OK, for petitioner.

James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for respondents.[1]

OPALA, V.C.J.

¶ 1 The issue on certiorari is whether the Workers' Compensation Court erred when it dismissed petitioner's claim for compensation. We answer in the affirmative.

## I.

### ANATOMY OF THE LITIGATION

¶ 2 On 7 August 1997 Debbie DeShazo Amos[2] (Amos, employee or claimant), a teacher in the Spiro school system (employer or respondent), alleged a job-related injury occurred when she was walking through a school hallway and a child stepped into her pathway.[3] She claimed injury to her right leg and ankle[4] and filed her claim for com-

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. Claimant's original paperwork is filed under the name Debbie DeShazo. She has since re-married and uses her new surname.

3. Neither the child nor claimant fell as a result of the incident. Amos neither informed school officials of nor sought immediate medical assistance for her injury but continued her regular teaching responsibilities. Amos testified she called to schedule an immediate appointment with a sur-

geon, but the earliest available time was approximately two weeks later. (Transcript p. 23) Amos contacted her surgeon because the alleged injury was to her right leg and ankle—the same extremity that three months earlier required surgery for a recreational equestrian accident. At that time a metal plate was surgically inserted into her right ankle.

4. Amos' claim form provides that a "second grade student stepped in front of me snapping my leg." The form further indicates, "broke leg, broken metal plate."

pensation on 15 June 1998. On 14 August 1997 (one week following her alleged initial job-related injury) Amos pressed a second on-the-job accident[5] by an amended claim brought on 8 June 1999.[6]

¶ 3 On 5 April 2002 Amos moved for a hearing on medical treatment for the period beginning from 7 August 1999. Employer's amended answer denies Amos sustained a compensable injury and raises the "statute of limitations" as its defense.[7] Respondent urges that claimant failed to file (in the trial tribunal) her request for a hearing within the three-year period allowed by the provisions of "85 O.S. § 43(B)."[8]

¶ 4 The trial judge proceeded to hear the evidence and, after taking the matter under advisement, issued an order dismissing the claim as untimely pressed for a hearing. The order concludes that Amos failed timely to request a hearing (within three years of the initial claim's filing)[9] and that her amended claim "did not serve to toll, arrest, suspend, or waive her duty to pursue her claim"[10] on or before the three-year anniversary of her initial claim's filing date. The Court of Civil Appeals (COCA), Div. III, affirmed the Workers' Compensation Court (WCC) order.[11]

## II.

### STANDARD OF REVIEW

¶ 5 The resolution of today's controversy calls for identification of that § 43(B) version which applies here. A compensation tribunal's legal rulings, like those by a district court judge, stand on review subject to an appellate court's plenary, independent and nondeferential reexamination.[12] We hence review *de novo* the text of the statute that is to be applied here.

---

5. Amos was conducting school bus evacuation drills when she stepped off a bus and complained of a sharp pain in her right ankle and leg. The principal assisted her to the school nurse's office. Amos testified that her father was notified and took her for examination to the hospital emergency room. (Transcript p. 25) The record does not include the emergency-room report. Subsequent physicians' reports, offered by claimant, show the metal plate to be refractured. For information concerning origin of the metal plate, see *supra* note 3.

6. Employee's amended claim was filed by new counsel, identified here by the certiorari paperwork. (See Application and Order for Leave to Withdraw, Record, p. 10 and Entry of Appearance, Record, p. 11.)

7. Employer asserts that claimant's medical problems are the result of a pre-existing injury. **We deal here solely with the so-called "limitations issue."**

Although otherwise properly identified as a motion for hearing, respondent's answer and pre-trial stipulation refer to a "statute of limitations" defense. *We take this opportunity again to emphasize that the § 43(B) temporal restriction is not a statute of limitations. The latter operates exclusively on the time to bring an action.* The time-anchored restriction we deal with today operates on the period in which a claimant must request a hearing for a timely-filed claim. For an in-depth analysis of the distinction among various time-based restrictions, see *Cole v. Silverado*, 2003 OK 81, 78 P.3d 542.

8. The record reveals that although neither claimant nor respondent refers to a particular version of what is now 85 O.S.2001 § 43(B), both rest their respective arguments on a three-year period during which a request for a hearing may be considered timely. That period was first introduced to § 43(B) by an amendment effective 1 November 1997. The amendment changed from five to three years the period during which a claimant must request a hearing.

9. The Workers' Compensation Court order refers simply to "85 O.S. § 43(B)." (Record, p. 31)

10. (Record, p. 31)

11. COCA's opinion cites to "85 O.S.2003 § 43(B)" and provides:

"B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. * * *" (COCA opinion, p. 4)

12. *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 6, 16 P.3d 1120, 1122–23; *Neil Acquisition L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, ¶ 5, 932 P.2d 1100, 1103.

## III.

### A CLAIM FOR COMPENSATION IS GOVERNED BY THE STATUTE IN FORCE AT THE TIME THE ACCIDENT OCCURRED

¶ 6 Claimant contends first that her request for a hearing—filed within three years of the amended claim's filing, alleging a "new, additional and different accident date,"—satisfies the § 43(B) requirements. Amos' second argument is that her act of filing the amended claim operates to "toll, arrest, suspend, or waive"[13] the § 43(B) requirements.[14] Amos alternatively urges the COCA opinion, at minimum, should be vacated and the claim returned to the WCC for a hearing on the second alleged injury.[15] Respondent argues simply that claimant has done nothing to arrest the § 43(B) time-lapse provision and the claim is hence unenforceable.

■■■ ¶ 7 Ordinarily, claims for workers' compensation awards must either be granted or denied.[16] They stand subject to involuntary dismissal solely for want of an employee's timely-pressed request for a claim's hearing.[17] A worker's quest to receive compensation for an on-the-job injury is a statutory public-law proceeding rather than a private dispute.[18] When resolving a public-law issue, if the aggrieved party's brief advances the wrong reason for a decision's vacation the reviewing court is free to grant corrective relief from the urged error on an applicable theory chosen *sua sponte*—i.e., a theory that

supports the assigned error but was neither advanced below nor on appeal but is dispositive of the issue raised by the aggrieved party.[19] It is hence not necessary that we address ourselves here to the litigant's arguments and authorities. The propositions— advanced by both parties and pressed here— are based on a statutory text that was not in force when the accident occurred.

■■■ ¶ 8 Because neither party here identifies the correct statute that governs the claim under consideration, it is our duty *sua sponte* to supply the correct statutory norm of law.[20] That governing norm here is the enactment in force at the time of injury— § 43(B) in its 1994 version. *In Cole v. Silverado*[21] *an employer attempted to bind claimant's rights by a statute that became effective after the claim's filing. We held that statute uninvocable and the claimant's rights to be governed by the law in force at the time of the claim's filing. This was so because the amendment was enacted after the "proceeding was begun" and because it altered the claimant's substantive rights. Here the very same change that occurred* **after the claim arose but before the claim's filing** *would be binding in this case. We hold that the same result as in Cole must follow here. If we did not pronounce the amended statute uninvocable, the claim would stand subject to substantive law changes enacted after the injury. The right to compensation clearly vests at the time a worker is injured.*[22]

---

13. Workers' Compensation Court order, p. 2. (Record p. 32)

14. COCA identifies claimant's first two arguments as synonymous. (COCA opinion, p. 4.)

15. Amos' request for a hearing was timely filed with respect to the second alleged injury.

16. *Royal Min. Co. v. Murray,* 1933 OK 653, 30 P.2d 185, 187, 167 Okl. 460 (1933).

17. *Beatty v. Scott,* 1961 OK 140, ¶ 6, 362 P.2d 699, 701.

18. *Special Indemnity Fund v. Reynolds,* 1948 OK 14, ¶ 5, 188 P.2d 841, 842; *National Gypsum Co. v. Brewster,* 1969 OK 185, ¶ 22, 461 P.2d 593, 596; *(Reynolds v. Special Indemn. Fund,* 1986 OK 64, ¶ 14, 725 P.2d 1265, 1270).

19. *Davis v. B.F. Goodrich,* 1992 OK 14, ¶ 3, 826 P.2d 587, 592–93 (Opala, J., concurring)(citing *Special Indemnity Fund, supra* note 18, at ¶ 5, at 842); *Reynolds, supra* note 18 at ¶ 14, at 1270; *Burdick v. Independent School Dist. No. 52 of Oklahoma City,* 1985 OK 49, ¶ 8, 702 P.2d 48, 54; *McCracken v. City of Lawton,* 1982 OK 63, ¶ 9, 648 P.2d 18, 21; *Application of Goodwin,* 1979 OK 106, ¶ 2, 597 P.2d 762, 764.

20. *Reynolds, supra* note 18, at ¶ 14 at 1270. *Burdick, supra* note 19, at ¶ 8 at 54.

21. *Cole, supra* note 7.

22. *Cole, supra* note 7, at ¶ 7, at 546; *Magnolia Petroleum Co. v. Watkins,* 1936 OK 372, ¶ 14, 57 P.2d 622, 623–26. Today's decision is not to be confused with the rule of law applied in *Cole. Cole* held that a worker's timely-filed claim is not

¶ 9 Amos' first alleged job-related accident occurred on 7 August 1997. The statute in force at that time was 85 O.S. Supp.1994 § 43(B).[23] This 1994 enactment gives a claimant five (5) years from the date of a claim's filing to request a hearing.[24] Amos clearly had five—not three—years from the date of her initial claim's filing to request a hearing. Because she filed her original claim on 15 June 1998, Amos had until 15 June 2003 to request a hearing. Her motion, filed on 5 April 2002, was well within the temporal limit prescribed by the provisions of 85 O.S. Supp.1994 § 43(B).[25]

## IV.

## SUMMARY

 ¶ 10 *A compensation claim is controlled by the statute in effect at the time of the alleged job-related accident.* Neither party here correctly identified the version of § 43(B) that controls today's controversy. When resolving a question of public law it is our duty to invoke *sua sponte* the correct statutory norm dispositive of the issue pressed on review. We conclude that today's controversy stands governed by the provisions of 85 O.S. Supp.1994 § 43(B).

¶ 11 On certiorari previously granted, the Court of Civil Appeals' opinion and the Workers' Compensation Court's order are vacated. The cause is remanded for further proceedings to be consistent with today's pronouncement.

¶ 12 ALL JUSTICES CONCUR.

---

subject to retroactive application of after-enacted legislation changing the permissible time for requesting a hearing when the subsequent amendment either changes the substantive rights and obligations of the litigants or impacts "proceedings begun" as regulated by Art. 5 § 54, Okl. Const. A distinction is to be drawn between an employee's statutory right to compensation and the impact of after-enacted legislation on previously-filed claims. The former is governed by the statute in effect on the date of injury. The latter, depending on the grounds given for its inapplicability, may be governed either by the law in force when the claim was filed or the law in effect when the claim arose. Our teaching in Cole is based on both the prohibition against changes after the proceeding was begun and interdiction of changes in the substantive law for claims arisen before the enactment. Here our conclusion is rested solely on the latter proscription.

**23.** The pertinent terms of 85 O.S. Supp.1994 § 43(B) provide:

"B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. * * *"

The relevant terms of § 43(B) were amended effective 1 November 1997, approximately two (2) months after claimant alleges her accidents occurred. The pertinent terms of 85 O.S. Supp. 1997 § 43(B) provide:

"B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. * * *"

**24.** For the terms of 85 O.S. Supp.1994 § 43(B) see *supra* note 23.

**25.** For the terms of 85 O.S. Supp.1994 § 43(B) see *supra* note 23.