2005 OK CIV APP 103

**Eugene THOMAS, Petitioner,**

v.

**UNIVERSITY VILLAGE RETIREMENT CENTERS, Travelers Insurance Company, and the Workers' Compensation Court, Respondents.**

No. 101,429.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 13, 2005.

Rehearing Denied Nov. 10, 2005.

Susan H. Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Kenneth L. Wood, Looney, Nichols & Johnson, Oklahoma City, OK, for Respondents.

Opinion by JANE P. WISEMAN, Judge.

¶ 1 Claimant, Eugene Thomas, seeks review of an order of the workers' compensation court finding his motion to reopen for change of condition was untimely. The issue on appeal concerns the applicable version of 85 O.S. § 43(C): the version in effect at the time of the original injury or at the time of the change of condition. We apply the law in effect at the time of the change of condition and sustain the workers' compensation court's order.

¶ 2 On January 9, 1995, Claimant sustained an injury arising out of and in the course of his employment with Employer, University Village Retirement Centers. Claimant received an award of benefits by order dated May 11, 1998, which was twice corrected by *nunc pro tunc* orders, the last of which was entered June 3, 1998. At the time of Claimant's injury, the law allowed Claimant to move to reopen for a change of condition within 300 weeks from the date of the last order. 85 O.S. Supp.1995 § 43(C). In 2001, the Oklahoma Legislature shortened the time to reopen from 300 weeks to 208 weeks. 85 O.S.2001 § 43(C). On October 15, 2002, Claimant moved to reopen for a change of condition that occurred sometime in September 2002. The motion to reopen was timely under the statute existing at the time of the injury, but was untimely under the statute existing at the time that his condition changed for the worse.

¶ 3 Employer moved to dismiss the motion to reopen as untimely under the statute in effect at the time of the change of condition. Quoting from *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 7, 16 P.3d 1120, 1123, the trial court denied the motion to reopen and held: "The law governing the reopening of a com-

pensation claim upon a change of condition is that which was in effect at the time the claimant's condition underwent a change, and not the law in effect at the time of the injury or the law in force at the time of the original award." Claimant appeals the trial court's order.

¶ 4 We agree with the trial court's determination and find *Earl W. Baker & Co. v. Morris,* 1935 OK 591, 54 P.2d 353, and *Arrow Tool,* 2000 OK 86, 16 P.3d 1120, dispositive of this appeal. In *Earl W. Baker,* the law in effect at the time of the claimant's injury and the time of the original award did not limit the time in which a claimant could move to reopen for a change of condition. However, in 1933, the law was amended to impose a time limitation. After the change in the law and expiration of the newly enacted limitations period, the claimant moved to reopen for a change of condition. The employer argued the motion to reopen was barred by the limitations period in the 1933 law. The Oklahoma Supreme Court agreed, and applied the law in effect at the time of the change of condition.

¶ 5 In *Arrow Tool,* the Supreme Court reaffirmed its commitment to the rule that the law in effect at the time of a change of condition controls. As noted above, the Court held that the applicable time limit "is that which was in effect at the time the claimant's condition underwent a change, and not the law in effect at the time of the injury or the law in force at the time of the original award." 2000 OK 86 at ¶ 7, 16 P.3d at 1123. The Oklahoma Court of Civil Appeals applied the same rule in *Wolfenbarger v. Safeway Stores, Inc.,* 1990 OK CIV APP 65, 798 P.2d 1093.

¶ 6 Claimant does not dispute that his claim is untimely under the law in effect at the time of his changed condition. He does argue that more recent decisions on other workers' compensation issues either implicitly overrule the rule in question or dictate a change in the law. According to Claimant, these cases stand for the proposition that the applicable law is that in effect at the time of the original injury. However, all of the cases cited by Claimant concern vested rights that had accrued prior to the law change.

¶ 7 In *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542, the law in effect when the claimant filed his claim, and by implication when he sustained his injury, allowed the claimant five years to request a hearing. 85 O.S. Supp.1996 § 43(B). After the claimant filed his claim, however, the Legislature reduced the time to request a hearing to three years. The claimant filed a request for a hearing that was timely under the old law but not under the new law. Because the proceedings had already begun when the law changed, the Supreme Court declined to apply the shorter time period. *Id.* at ¶ 14, 78 P.3d at 548 (applying Okla. Const. Art. 5, § 54). In *Amos v. Spiro Public Schools,* 2004 OK 4, 85 P.3d 813, the Supreme Court clarified its decision in *Cole.* Addressing the same statute, § 43(B), the Court held that the law to apply was the law in effect at the time of the injury, because the right to compensation vested at the time of the injury. *Id.* at ¶ 8, 78 P.3d 542, 88 P.3d at 816. And, in *Loftis v. Multiple Injury Trust Fund,* 2003 OK CIV APP 30, 67 P.3d 924 (approved for publication by the Oklahoma Supreme Court), the claimant, after receiving permanent partial disability benefits for two work-related injuries, sued the Multiple Injury Trust Fund for a material increase in permanent partial disability. After the date of the last injury, however, the law was amended to preclude liability against the Fund for permanent partial disability. The claimant argued, and the Supreme Court agreed, that the law in effect at the time of the last injury should apply, because the claimant's right to be compensated by the Fund for a material increase vested and accrued at that time. *Id.* at ¶¶ 16–17, 67 P.3d at 927.

¶ 8 In the case at bar, however, Claimant's right to reopen for a change of condition had not vested or accrued at the time of the change in the law. " 'As a general rule, the accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another, a cause of action has accrued and the statute of limitations begins to run.' " *Id.* at ¶ 14, 67 P.3d at 927 (quoting *Cowart v. Piper Aircraft Corp.* 1983 OK 66, 665 P.2d 315). The right to pursue a reopening accrues at the time of

the change of condition. *Earl W. Baker,* 1935 OK 591 at ¶ 9, 54 P.2d at 354. Claimant's change of condition occurred in September 2002; it was not until then that he had the right to maintain an action to reopen. At that time, the limitations period was 208 weeks from the date of the last order. Therefore, Claimant's motion to reopen was untimely.

¶ 9 Claimant argues that applying the 208–week limitations period amounts to an impermissible retroactive application of the law. The Supreme Court rejected a similar argument in *Earl W. Baker:*

> We fail to see where any question of retroaction is involved in this case. The act had been passed, approved, and was in force for over a year before claimant filed his motion to reopen. On the date of the enactment of this statute the claimant, so far as the record shows, had had no change of condition; no right of action had accrued to him. On that date his case stood closed, and in spite of the continuing jurisdiction of the Commission to entertain pleas for increased compensation on account of a change in condition, the act on that date ... prescribed the limitation named in the act....
>
> .... "[W]here the cause of action involved is one created by statute, and the time for commencing the action is a condition of liability, it is not a statute of limitations and will operate retrospectively if a contrary intention is not manifest."....

*Id.* at ¶¶ 9–11, 54 P.2d at 354–55 (citations omitted).

¶ 10 Finally, Claimant argues that application of the amended § 43(C) to his case violates Article 5, Section 54 of the Oklahoma Constitution, which provides, "The repeal of a statute shall not ... affect any *accrued right,* or penalty incurred, or *proceedings begun* by virtue of such repealed statute." (Emphasis added.) We disagree with Claim-

ant's argument, because at the time of the amendment his right to reopen had not accrued, nor had his proceeding to reopen begun; indeed, his proceeding *could not have begun* by that time because he had not yet undergone a change of condition.[1]

¶ 11 The trial court correctly applied the law in effect at the time that Claimant underwent a change of condition. Under that law, it is undisputed that Claimant's motion to reopen was untimely; the order denying the motion to reopen is therefore sustained.

¶ 12 SUSTAINED.

REIF, P.J., and RAPP, V.C.J. (sitting by designation), concur.

---

1. Claimant's argument is not without some support, at least from cases in other jurisdictions. For example, in *Hart v. Owens–Illinois, Inc.,* 250 Ga. 397, 297 S.E.2d 462 (1982), the Supreme Court of Georgia, under similar circumstances, determined that the right to seek a reopening for a change of condition is a substantive right that vests on the date of compensable injury. There-

fore, the Court applied the limitations period that was in effect at the time of the original injury. Nonetheless, for us to hold as Claimant argues, we would have to disregard, as superseded by subsequent case law, the rule set out in *Earl W. Baker* and restated in *Arrow Tool.* Claimant has not persuaded us to do so.