2010 OK CIV APP 25

**Jimmy BAKER, Petitioner,**

v.

**DARR EQUIPMENT CO., and Continental Casualty Co., Insurance Carrier, Respondents.**

**No. 107,149.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 5, 2010.

Donald E. Smolen, II, Smolen, Smolen & Roytman, Tulsa, OK, for Petitioner.

Nelson J. Christiansen, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondents.

JERRY L. GOODMAN, Judge.

¶ 1 Claimant Jimmy Baker seeks review of the trial court's May 13, 2009, order dismissing his claim for compensation. Based on our review of the facts and applicable law, we sustain the order under review.

## FACTS

¶ 2 Claimant first filed a claim for benefits on January 9, 2001, arising from a single-incident injury to both his right and left shoulders which occurred in July 2000. Less than two weeks later, on January 23, 2001, he filed a request for a hearing on the issues of temporary total disability (TTD) benefits and medical treatment. Employer Darr Equipment Co. denied an injury occurred and denied being given any notice of the injury. Employer later claimed Claimant had pre-existing injuries and was involved in horseplay when he was injured.

¶ 3 Following a hearing on the issue of TTD on July 26, 2001, the trial court entered an order finding Claimant was injured while employed by Employer and suffered compensable injuries to the right and left shoulders which aggravated a pre-existing injury. The trial court overruled Employer's horseplay defense and awarded Claimant TTD benefits and medical treatment. The issue of permanent partial disability (PPD) benefits was reserved for a future hearing.

¶ 4 Employer initially perfected an appeal of that order to the Oklahoma Supreme Court seeking review of the denial of its

horseplay defense, but later dismissed the appeal, choosing instead to submit the issue to a three-judge panel for review, which affirmed the trial court's order on June 6, 2002. Employer then appealed the panel's order. The Oklahoma Court of Civil Appeals issued Opinion No. 97,904 sustaining the order. No further appeal was taken and mandate was issued May 15, 2003.

¶ 5 There was no further activity on this claim until May 19, 2006, when Claimant's new counsel filed an entry of appearance. The next request for benefits came on October 30, 2006, when Claimant filed a Form 9, seeking a hearing on the previously-reserved issue of PPD benefits. Employer objected, contending that issue had been previously adjudicated and was barred by operation of "85 O.S. § 43(B)." Employer asked the trial court to dismiss the claim.

¶ 6 On February 20, 2007, Claimant voluntarily dismissed his claim. The Form 100 dismissing his claim reflects the following: he was represented by counsel; the $75.00 filing fee was paid; no permanent disability award or settlement order was entered; and this was a dismissal without prejudice. The order of dismissal was executed by the trial court with a notation the dismissal was "Without Prejudice."

¶ 7 Less than one year later, on February 1, 2008, Claimant filed a new Form 3, with a new case number, seeking PPD benefits arising from the July 2000 single-incident injury to the left and right shoulders. Employer answered on June 19, 2008. Its Form 10 raised the defenses of *res judicata*, failure to prosecute, statute of limitations, and statute of repose.

¶ 8 On July 14, 2008, Employer filed a Form 13 Motion to Dismiss. Claimant requested PPD benefits. Following a hearing on May 12, 2009, the trial court found:

¶ 1 The claim was filed on JANUARY 9, 2001, the last order entered was SEPTEMBER 5, 2003, dismissed without prejudice on FEBRUARY 20, 2007, refiled on FEBRUARY 1, 2008.

¶ 2 The Court dismisses the case for claimant's failure to timely prosecute the initial claim. Therefore, claimant's claim for compensation is dismissed with prejudice. . . .

Claimant seeks review of this May 13, 2009, order.

## STANDARD OF REVIEW

■ ¶ 9 The worker's compensation trial court's legal ruling on these undisputed facts is reviewed by a *de novo* standard. *Amos v. Spiro Public Schools,* 2004 OK 4, ¶ 5, 85 P.3d 813, 815. Further, we apply the law in effect at the time of Claimant's injury. *Id.* at ¶ 8, at 816.

## ANALYSIS

■ ¶ 10 The law governing the dismissal of Claimant's claim for lack of prosecution is found at 85 O.S.1991 and Supp. 1999, § 43(B).[1] That section reads, in relevant part:

B. When a claim for compensation has been filed with the Administrator as herein provided, *unless the claimant shall in good faith request a hearing and final determination thereon* within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, *same shall be barred* as the basis of any claim for compensation under the Workers' Compensation Act *and shall be dismissed* by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. If represented by counsel, the claimant may, upon the payment of the Court's filing fee, dismiss any claim brought by the claimant at any time before final submission of the case to the Court for decision. . . . Such dismissal shall be without prejudice unless the words "with prejudice" are included in the order. If any claim that is filed within the statutory time permitted by this section is dismissed without prejudice, a new claim may be filed within one (1) year after the entry

---

1. Section 43(B) was last amended in 1997, when the previous five-year time limit to request a hearing was reduced to three years. Section 43 has since been twice amended in 2001 and 2005, but subsection (B) has remained unchanged since 1997.

of the order dismissing the first claim even if the statutory time for filing has expired. (Emphasis added.)

¶ 11 This statute provides the only means by which a trial court may dismiss a claimant's action. *Amos,* 2004 OK 4, at ¶ 7, 85 P.3d at 816. Further,

It is settled law that when a statutory bar of limitation is properly invoked, the burden devolves upon the party seeking to avoid its effect to show the facts or acts which operate to either arrest, suspend, toll or waive the limitation period. *United Brick & Tile Co. v. Roy,* Okl.[1960], 356 P.2d 107; *Swafford v. Schoeb Ranch Mills,* Okl.[1961], 359 P.2d 584; *Bowling v. Blackwell Zinc Co.,* Okl.[1959], 347 P.2d 1022. . . .

*Beatty v. Scott,* 1961 OK 140, ¶ 5, 362 P.2d 699, 701.

¶ 12 Section 43(B) has been interpreted by the Oklahoma Supreme Court in *Matter of Death of Hendricks,* 1991 OK 52, 812 P.2d 1361.

The time period being examined here in light of 85 O.S.Supp.1990 § 43(B) is the time from the filing of the claim being adjudicated forward for five years. During this period, there is no evidence of any attempt to bring the claim to a final determination. This being the case, the application of § 43(B) to bar the claim is a question of law. There is no evidence of any fact during the relevant time period which would raise a fact question to be adjudicated by the trier of fact.

[ ] The resolution of this contention is pointed to in the early case of *Parsons v. State Industrial Court,* 372 P.2d 27 (Okl. 1962). There this Court stated claimant's formal written request was made June 30, 1954, which was within five years after the effective date of the limitation provision. There the Court noted that the question of whether the five-year period had run after the request of June 30, 1954 was raised. The Court held that the claimant had requested a hearing three times by June 18, 1959 and thus the claim was not barred five years after the June 30, 1954 request. If the court had been of the opinion that one request for a hearing within five years

of filing the compensation claim forever tolled the bar of § 43 this inquiry would have been a useless act.

This analysis is born out by the discussion in *White v. Weyerhaeuser Co.,* 798 P.2d 623, 626 (Okl.1990). There this Court said:

We have ruled the bar of § 43 requiring dismissal of a claim for compensation when a claimant *fails* to *request* a *hearing* and final determination *within five years* is positive "and unless a claimant brings himself within the express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar, the provisions of the statute are mandatory. . . ." *Beatty v. Scott,* 362 P.2d 699, 701 (Okl.1961). We have further ruled the claim does not have to be determined in the five year period, only that a *request* be made *within* the *specified period* of time. *Purdy v. Flint Steel Corp.,* 535 P.2d 277, 280 (Okl.1975) (emphasis added).

In *White, supra* at 627, this Court noted that the Court of Appeals has recognized the five-year provision was promulgated in part to limit the period of potential liability of an employer once the jurisdiction of the Workers' Compensation Court is invoked. Were we to hold that a claim could be withdrawn from the five-year limitation period *forever* by the filing of a request for final determination, the legislative purpose behind the statute would be completely thwarted. We thus hold that the bar of the statute is demonstrated when any five-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination. The claimant's case is barred by the precise language of the statute.

*Hendricks,* at ¶¶ 9–12, at 1363, 1364.

¶ 13 Applying the applicable version of § 43(B), which reduces the time in which a claimant must seek a hearing to three rather than five years, as applied in *Hendricks,* we must examine the record for any three-year period passing after the filing of a claim in which there has not been a good-faith effort to request a hearing and final determination. *Id.* at ¶ 9, at 1363.

¶ 14 We note two weeks passed between the January 9, 2001, initiation of Claimant's claim and the January 23, 2001, filing of his Form 9 to request a hearing on the issue of TTD benefits. Seven months elapsed between the January 23, 2001, filing of his Form 9 until Claimant could no longer advance his claim toward finality because Employer sought appellate review on August 22, 2001. Neither party nor the trial court could file further pleadings or orders in this matter until the appellate process was completed on May 23, 2003, when mandate was filed of record and the trial court's order became final. From that date, no further request for a hearing was filed by Claimant until October 30, 2006, when he sought PPD benefits.

 ¶ 15 Whether measured from the time of the first requested hearing for TTD benefits in 2001 until the second requested hearing for PPD benefits in 2006, even accounting for the intervening appellate process, or whether by the more generous measure between the May 2003 mandate and the October 2006 request for PPD benefits, the result is the same. More than three years had elapsed during which no request for a hearing was filed or movement toward finality was discernable. Under the mandatory dismissal provisions of § 43(B), whenever any three-year span of time shall elapse between requests for a hearing, the trial court has no discretion but to dismiss the case.

¶ 16 We are not persuaded by Claimant's argument that the three-year limitations period is tolled by the setting of an appointment with Employer's medical expert witness to examine Claimant for purposes of producing a medical report. This argument has been expressly rejected in *Smedley v. State Industrial Court*, 1977 OK 55, 562 P.2d 847:

> We hold after the limitation period of one year has run, and in the absence of evidence clearly showing a contrary intent, the furnishing of medical treatment is a conscious recognition of liability for the disability to the employee resulting from a compensable accidental injury under the Workmen's Compensation law, and tolls or waives the limitation period of one year, with the limitation period beginning to run

from last date of such a furnishing under § 43. *With this holding, it is not intended, by implication or otherwise, to allow tolling or waiving of the limitation period by a medical examination procured by employer, or by employer's insurance carrier, to obtain evidence for use at the Industrial Court trial.*

*Id.* at ¶ 12, at 851 (emphasis added). See also, *Swafford v. Schoeb*, 1961 OK 33, ¶ 6, 359 P.2d 584, 586.

## CONCLUSION

¶ 17 We hold the trial court correctly dismissed Claimant's claim for benefits.

¶ 18 AFFIRMED.

GABBARD, P.J., and RAPP, J., concur.