FILED
United States Court of Appeals
Tenth Circuit

March 24, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL L. JOHNSON,

    Plaintiff - Appellant,

v.

MARTY GARRISON, Davis Correctional
Facility Investigator; BERRY, Unit
Manager, Davis Correctional Facility;
TERRI UNDERWOOD, Grievance
Coordinator,

    Defendants - Appellees.

No. 19-7018
(D.C. No. 6:18-CV-00152-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Daniel Johnson, an Oklahoma state inmate proceeding pro se and in forma

pauperis (IFP), appeals the dismissal of his claims brought under 42 U.S.C. § 1983

alleging constitutional violations during his incarceration. The district court granted the

defendants' motion to dismiss based on the statute of limitations and failure to exhaust

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administrative remedies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, and reverse and remand in part.

## I.    BACKGROUND

Johnson is incarcerated by the Oklahoma Department of Corrections at the Davis Correctional Facility. At the times relevant to this action, the defendants were employed by the prison: Garrison as an Investigator, Berry as a Unit Manager, and Underwood as a Grievance Coordinator.

Johnson filed suit on June 27, 2016, in Oklahoma state court against the same defendants and based on the same facts as the underlying federal case.[1] In the state-court action, Johnson served only defendant Berry with the summons and complaint. Berry moved to dismiss, asserting that Johnson had failed to plead exhaustion of the prison grievance procedures and that he hadn't complied with the notice requirements of the Governmental Tort Claims Act. The Oklahoma state district court granted the motion, and on April 25, 2017, dismissed the case without prejudice. *Johnson v. Berry*, No. CV-2016-1367 (Okla. Cty. Dist. Ct. Apr. 25, 2017). The Oklahoma Court of Civil Appeals affirmed. *Johnson v. Berry*, No. 116,301, at 7 (Okla. Civ. App. Apr. 12, 2018).

Johnson then filed the underlying federal action on May 14, 2018. The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and imposed a strike under 28 U.S.C. § 1915(g). The court determined that Johnson had failed to exhaust the prison grievance

---

[1] Johnson also named Warden Wilkinson as a defendant in the state-court case.

2

procedures on his claims against Berry and that Johnson's claims against Garrison and Underwood were barred by the statute of limitations. Johnson appeals, asserting that the prison grievance coordinator improperly denied one of his grievances and that he had good cause for failing to exhaust grievance procedures on his remaining unexhausted claims. He further asserts that his claims against Garrison and Underwood weren't time-barred.

## II.     STANDARDS OF REVIEW

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In doing so, "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). But "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We likewise "review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

3

Although we liberally construe Johnson's pro se complaint and other filings in our review, we don't act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Notwithstanding his pro se status, Johnson still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and of complying with the same rules of procedure as other litigants, *see Garrett*, 425 F.3d at 840.

## III.   UNEXHAUSTED CLAIMS

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires "proper exhaustion of administrative remedies," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "[P]roper exhaustion . . . means using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (internal quotation marks omitted). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation and internal quotation marks omitted). Failure to exhaust is an affirmative defense. *Id.* at 216. In their motion to dismiss, the defendants asserted that Johnson had failed to exhaust all of his grievances except for grievance No. 2016-1001-00106-G, which they conceded Johnson had exhausted. In that grievance Johnson claimed that Garrison wasn't taking his Prison Rape Elimination Act (PREA) complaints seriously. *See* R. at 133. The district court agreed and concluded that Johnson had exhausted only grievance No. 2016-1001-00106-G against Garrison.

Johnson challenges the district court's holding that he failed to exhaust grievance No. 2016-1001-00072-G, in which he mentioned the PREA and alleged that Berry made inappropriate comments about his sexual preference.[2] The prison returned the grievance to him for several reasons, including that he had "failed to attempt to resolve [the] complaint informally." R. at 95. Johnson asserts that he wasn't required to attempt informal resolution because the grievance was of "a sensitive nature," and the prison grievance policy doesn't require such grievances to be submitted to the informal resolution process, *see id.* at 73-74.

Johnson didn't raise this issue on appeal until his reply brief. A litigant waives an issue by failing to present it in his opening brief. *Singh v. Cordle*, 936 F.3d 1022, 1043 (10th Cir. 2019). Even so, the prison grievance coordinator wasn't required to accept Johnson's characterization of this grievance as "sensitive" solely because he mentioned the PREA, and it doesn't appear to be a PREA claim. Thus, even if we were to address this issue, we would decline to remand for further consideration of the exhaustion requirements because we aren't required to remand in futility. *See Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1525 (10th Cir. 1992) ("Courts are not required to remand in futility . . . .").

Johnson also challenges the district court's holding that he failed to exhaust his other grievances. He asserts that he was unable to exhaust the grievances or to

---

[2] In the grievance, Johnson complained that Berry called him a "punkchaser," made references to his sexual orientation, and told Berry's wife that another inmate was Johnson's girlfriend. R. at 97-98.

adequately pursue his claims in federal court because his access to the prison law library was restricted due to his placement in modified lockdown. This claim is too conclusory to avoid dismissal because Johnson hasn't attempted to explain how the limited access made it difficult or impossible to exhaust his grievances or pursue his legal claims. *See Khalik*, 671 F.3d at 1191 (stating that to survive a motion to dismiss, a complaint must "plausibly suggest the defendant is liable"; conclusory statements are insufficient). Therefore, we affirm the district court's dismissal of these claims.

## IV. STATUTE OF LIMITATIONS / EQUITABLE TOLLING

Although the district court found that Johnson exhausted grievance No. 2016-1001-00106-G, it nevertheless dismissed Johnson's claim based on that grievance. It found that Johnson filed this claim outside the applicable statute of limitations, which, in this case, is Oklahoma's two-year limitations period for "an action for injury to the rights of another, not arising on contract." Okla. Stat. tit. 12, § 95(A)(3); *see also Braxton,* 614 F.3d at 1159 ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling, although federal law governs the determination of when a § 1983 action accrues."); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (applying Oklahoma's two-year statute of limitations to § 1983 claims). The district court noted that this grievance was based on acts allegedly occurring in March 2016; therefore, it concluded the statute of limitations expired before Johnson filed suit on May 14, 2018.

6

But the district court failed to address Johnson's argument that the statute of limitations was tolled while his grievance was pending.[3]  Although "[i]n general, the better practice on issues raised below but not ruled on by the district court is to leave the matter to the district court in the first instance," because this legal issue can be decided on the record, we choose to address it.  *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (internal quotation marks omitted).  In doing so, we first note that under Oklahoma law, the statute of limitations is an affirmative defense to be raised by the defendant.  *See MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469, 472 (Okla. 1991).  The burden then shifts to the plaintiff "to show the facts or acts" that toll the limitations period.  *Baker v. Darr Equip. Co.*,  233 P.3d 419, 422 (Okla. Civ. App. 2010) (internal quotation marks omitted).  Accordingly, because defendants affirmatively raised a statute-of-limitations defense, we will affirm the district court unless Johnson has "show[n] the facts or acts" that triggered tolling.  *Id.*

As we have noted, "[i]n a § 1983 action, state law governs issues regarding . . . tolling."  *Braxton*, 614 F.3d at 1159.  But that rule is not absolute.  We apply a state's

---

[3] In his response to the defendants' motion to dismiss, Johnson argued that he had "rightly brought his action being that the grievance process was final as of 6/7/16 and pro-se litigant's filing [of the federal complaint] was 5/14/18[, so was] just under Oklahoma limitations period of two (2) years for a § 1983."  Supp. R. Doc. 24, at 3. In another filing, he noted that an Oklahoma statute, 57 Okla. stat. § 566.5, requires an inmate to complete exhaustion of all administrative and statutory remedies, which "is a jurisdictional requirement and must be completed prior to filing of any pleadings."  Supp. R. Doc. 25, at 1 (internal quotation marks omitted).  He then argued that he had filed his federal complaint within the limitations period after he "fulfilled his administrative and statutory remedies" as of 6/7/16.  *Id.*  Construing Johnson's filings liberally, he met his burden to assert a tolling argument.

7

limitations and tolling rules unless doing so "defeat[s] either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (footnote omitted); *see also Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 488-89 (1980). "[Section] 1983 provides a uniquely federal remedy against incursions upon rights secured by the Constitution and laws of the Nation, and is to be accorded a sweep as broad as its language." *Hardin*, 490 U.S. at 539 n.5 (citations, ellipsis, and internal quotation marks omitted). Thus, we first look to Oklahoma tolling law. If we determine that Oklahoma's law is contrary to § 1983's goals, then we apply federal equitable principles.

In *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004), we recognized that Oklahoma permits the tolling of a statute of limitations for (1) a "legal disability," which Oklahoma courts have applied "only for plaintiffs whose competency is impaired or who have not reached the age of majority" *id.*; (2) the "discovery rule," which tolls the statute of limitations until the injured party knows of or should have known of the injury, *id.*; and (3) for exceptional circumstances, *id.* at 1219. These articulated tolling grounds don't explicitly apply to prison-grievance procedures, and we have found no published Tenth Circuit or Oklahoma case addressing whether any of these circumstances would toll the limitations period pending exhaustion of mandatory prison grievance procedures.

Assuming Oklahoma has no tolling provision allowing for the exhaustion of mandatory prison grievance procedures, we must consider whether that omission is contrary to § 1983's goals. As the Second Circuit noted in *Gonzalez v. Hasty*, 651 F.3d 318, 323 (2d Cir. 2011)*,* a prisoner who must complete the mandatory prison grievance

8

procedures before filing suit faces a catch-22: "the prisoner who files suit prior to exhausting administrative remedies risks dismissal based upon § 1997e; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon untimeliness." (internal quotation marks omitted). Moreover, if Oklahoma tolling law precludes tolling during the pendency of a prison grievance, it "could permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." *Id.* (brackets and internal quotation marks omitted).

The Supreme Court has directed that "[a]n appropriate limitations period must be responsive to . . . practicalities that are involved in litigating federal civil rights claims." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984). One of the practicalities involved in a prisoner § 1983 suit is exhaustion of mandatory prison grievance procedures. "The Court has further suggested that tolling of § 1983 limitations may be necessary where a remedy 'is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had.'" *Battle v. Ledford*, 912 F.3d 708, 715 (4th Cir. 2019) (quoting *Tomanio*, 446 U.S. at 490). Thus, we conclude that Oklahoma's lack of a tolling provision to allow for the exhaustion of mandatory prison grievances is contrary to § 1983's goals.[4]

---

[4] It is true that we previously stated that "the Oklahoma statute of limitations is [not] contrary to the policy underlying § 1983." *Alexander*, 382 F.3d at 1217 n.5. But in that case, we addressed whether plaintiffs' § 1983 claims based on the 1921 Tulsa Race Riot were timely. *Id.* at 1212. The *Alexander* plaintiffs did not face an administrative-exhaustion requirement, and we therefore did not consider Oklahoma tolling law in the context of any exhaustion requirements. Because *Alexander* didn't address whether Oklahoma's lack of a tolling provision to allow for the exhaustion of

9

In so holding, we join several other circuits that have applied "federal law to equitably toll § 1983 limitations during the PLRA exhaustion period." *Id.* at 719; *accord Gonzalez*, 651 F.3d at 322-24; *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (without expressly applying federal equitable tolling principles, granting prisoner's "request to equitably toll limitations on his § 1983 action during the pendency of [the federal] action and during any additional state administrative proceedings").

Applying this holding to Johnson's situation, the statute of limitations was tolled during the mandatory grievance process and his claim is therefore timely. *See Battle*, 912 F.3d at 720 (holding "the clock would only stop for the length of the state's exhaustion period"). Specifically, the grievance alleged that on March 7, 2016, Johnson filed his PREA complaint and it was returned to him on about March 25, 2016. R. at 133. Johnson's purported injury occurred on March 25, 2016, when his PREA complaint was rejected because Garrison allegedly wasn't taking his PREA allegations seriously. Accordingly, the limitations period began on March 25, 2016. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A § 1983 action accrues when facts that would support a cause of action are or should be apparent." (internal quotation marks omitted)). The subject grievance was filed on April 6, 2016, and was exhausted on June 7, 2016,

---

mandatory prison grievances was contrary to the goals of § 1983, it is not contrary to our conclusion here.

10

thus tolling the limitations period for sixty-two days.  The limitations period expired

sixty-two days after March 25, 2018—that is, on May 29, 2018, given the intervening

weekend and holiday.  Therefore, the federal complaint filed on May 14, 2018, was

timely.[5]  We remand the claim based on this grievance for further proceedings.

## V.    REMAINING ISSUES

Johnson hasn't challenged the district court's decision to deny his request for

injunctive relief, so we affirm that ruling.  *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d

1215, 1223 (10th Cir. 2016) ("Appellants do not raise this argument in their opening

brief, and so it is waived.").

Johnson raises the following claims for the first time in his reply brief:  (1) his

extended placement in modified segregation imposed an atypical and significant hardship

on him, thus depriving him of his liberty interest, Aplt. Reply Br. at 1, 4, 5; (2) he was

placed in modified segregation in retaliation for filing grievances, *id.* at 1; (3) the prison's

grievance procedures didn't provide him a remedy, so he wasn't required to exhaust his

grievances, *id.* at 1-2; and (4) he was denied due process by the district court's dismissal

of his claim under 28 U.S.C. § 1915,[6] *id.* at 5.  These claims weren't presented to the

---

[5] In light of our conclusion that Johnson's suit based on the exhausted claim against Garrison was not time-barred, we do not address the district court's holding that the Oklahoma savings statute, Okla. Stat. tit. 12, § 100, and the Oklahoma statute concerning service of process within 180 days after suit is filed, Okla. Stat. tit. 12, § 2004(I), didn't save Johnson's federal complaint from being untimely.  For the same reason, we do not address Johnson's argument that he should have been allowed to amend his state-court summons to rectify any defects in the service of process.

[6] The district court didn't dismiss Johnson's complaint under § 1915; the dismissal was pursuant to Rule 12(b)(6) for failure to state a claim.

11

district court, so we don't consider them. *Singh*, 936 F.3d at 1043 (holding the plaintiff forfeited arguments not first presented to the district court).

## VI. CONCLUSION

Johnson's motion for appointment of counsel on appeal is denied. The district court granted Johnson leave to proceed IFP on appeal, and we remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.

We reverse the district court's judgment dismissing the claim against defendant Garrison based on grievance No. 2016-1001-00106-G, and remand for further proceedings consistent with this order and judgment. The district court's judgment is affirmed in all other respects.

Entered for the Court

Nancy L. Moritz
Circuit Judge